**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

NIXER ENRIQUE CENTENO ZAPATA,
JOSE SANTOS CRUZ BETANCA RIVAS, and
HERMES FABRICO PAZ BETANCO,
by and through their next friend
KYLE SLONE,

Petitioners,

v. CIVIL ACTION NO. 3:26-0667

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER**

Pending before the Court is Petitioners' Motion to Waive Certain Requirements of L.R. Civ. P. 83.6 and for *Pro Hac Vice* Admission of Co-Counsel Jonathan Sidney, ECF No. 13, and Petitioners' Motion to Excuse Local Counsel from the Hearing, ECF No 14.

Attorney Jonathan Sidney seeks *pro hac vice* admission to provide representation before this Court as attorney for Petitioners. Attorney Sidney has a pending application with the West

Virginia State Bar and is an attorney of good standing in both Colorado and Ohio. Having reviewed the application, the Court finds that Attorney Sidney is qualified to practice before this Court.

Pursuant to Local Rule 83.6, Attorney Sarah K. Brown of Mountain State Justice, a member of the West Virginia State Bar, will serve as the Sponsoring Attorney. As Sponsoring Attorney, Attorney Brown shall sign all papers that require the signature of an attorney and shall appear at all court proceedings unless expressly excused from appearing. Here, the Court also finds that excusing Attorney Brown from the Show Cause Hearing will not prejudice Respondents, nor will it undermine effective representation for Petitioners.

Petitioners also request that this Court waive Visiting Attorney fees. Under Local Rule of Civil Procedure 83.6(e), "[a] Visiting Attorney and his/her Sponsoring Attorney may file a motion requesting a waiver of the Visiting Attorney fee in a particular case or cases, for good cause shown." The Court finds the motion was filed within 21 days of assignment of the case, as required, and that good cause warrants the waiver of the Visiting Attorney fees. Given counsel's representation in multiple immigration habeas corpus proceedings before this district, requiring payment in each case would be a significant financial burden.

Accordingly, the Court **GRANTS** Petitioners' Motion to Waive Certain Requirements of L.R. Civ. P. 83.6 and for *Pro Hac Vice* Admission. ECF No. 13. Additionally, the Court **GRANTS** Petitioners' Motion to Excuse Local Counsel from the Hearing. ECF No 14.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 21, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE