**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

NIXER ENRIQUE CENTENO ZAPATA,
JOSE SANTOS CRUZ BETANCA RIVAS, and
HERMES FABRICIO PAZ BETANCO,
by and through their next friend,
KYLE SLONE,

Petitioners,

v. CIVIL ACTION NO. 3:26-0667

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court granted the Petition, ECF No. 1, in part and ordered Petitioners **Nixer Enrique Centeno Zapata** and **Hermes Fabricio Paz Betanco** released on October 22, 2026. ECF No. 24. This Opinion sets forth the reasons for that decision.[1]

---

[1] Petitioner **Jose Santos Cruz Betanca Rivas** was not ordered released and has filed a separate Amended Petition. *See* ECF No. 25.

Petitioners allege that their detention violated (1) the Fifth Amendment's Due Process Clause and (2) 8 U.S.C. § 1226(a) and its implementing regulations. Pet. ¶¶ 28-40, ECF No. 1. Specifically, Petitioners allege that "no immigration officer . . . has conducted an individualized custody determination assessing whether Petitioners' continued detention is necessary to address flight risk, danger to the community, or the availability of conditions of release." *Id.* ¶ 19. Petitioners were arrested on the morning of October 17, 2026, within the interior of the United States, in or around Cross Lanes, West Virginia, following a traffic stop. *Id.* ¶ 16. They were then transported to the ICE processing facility in Poca, West Virginia. Resp. at 6, ECF No. 7. At this facility, they signed voluntary departure agreements. *Id.* The Petition was initially entered around 10:54 A.M on the same day. *See* Pet.[2]

As in prior cases, this Court does not address the validity or invalidity of the voluntary departure agreements allegedly signed by Petitioners. *See Nunez Aguilar v. Venturella*, No. 3:26-cv-611 (122 (S.D. W. Va. Oct. 8, 2026) (Chambers, J.); *Tinajero Rodriguez v. Mason*, No. 2:26-cv-122 (S.D. W. Va. Feb. 24, 2026) (Berger, J.). Even if the Court did find that these agreements were valid, Respondents acknowledge that Petitioners may "revoke" their voluntary departure agreements. *See* Resp. at 3.

In its Order granting relief, this Court found that "Respondents have failed to meet their burden of demonstrating that Petitioners received an individualized custody determination consistent with 8 U.S.C. § 1226(a)." ECF No. 24. As in *Francisco Javier Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25, the Court finds that Respondents' failure to provide Petitioners with an individualized custody determination violates both § 1226(a) and its implementing regulations and the Due Process clause. The record reflects that Respondents

[2] The Court need not address Counts Three or Four of the Petition to grant relief.

have failed to meaningfully exercise their discretion and have thus denied Petitioners a sufficient opportunity to be heard under § 1226(a). Moreover, Respondents' failure to provide this fundamental feature of due process fails the *Mathews* test and denies Petitioners due process. Thus, this Court's opinion in *Escamilla* is adopted and forms the basis for this brief opinion.

For the foregoing reasons, the Court **GRANTED** the Petition, ECF No. 1, and **DENIED** Respondents' Motion to Dismiss, ECF No. 7, as to Petitioners **Nixer Enrique Centeno Zapata** and **Hermes Fabricio Paz Betanco.**

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: October 30, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE