**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOSE SANTOS CRUZ BETANCA RIVAS,

Petitioner,

v. CIVIL ACTION NO. 3:26-0667

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER**

Pending before the Court is an Amended Petition for Habeas Corpus relief filed by Petitioner **Jose Santos Cruz Betanco Rivas**. ECF No. 25.[1] A removal order was entered against Petitioner on December 14, 2019. Resp. at 3, ECF No. 26. Petitioner was later removed on three separate occasions. *Id.* Petitioner is now subject to a reinstated prior order of removal. *Id.* at 2.

Petitioner was subject to a traffic stop on the morning of October 17, 2026, in or around Cross Lanes, West Virginia. Am. Pet. ¶ 1. ICE ERO officers "established probable cause that

[1] The Court granted the initial Petition, ECF No. 1, in part, and ordered Petitioners **Nixer Enrique Centeno Zapata** and **Hermes Fabricio Paz Betanco** released on October 22, 2026. ECF No. 24.

Petitioner did not have lawful status to be or remain in the United States." Resp. at 3. Respondents do not allege that ICE ERO officers "attempted to make a flight risk determination sufficient to justify a warrantless arrest." Reply at 6 n.5, ECF No. 29. Nor is a determination noted on the I-213 form. *See* Ex. 1 at 1-3, ECF No. 26-1. However, Respondents do allege that a "records check in the field [revealed] that Petitioner *may* be subject to a prior order of removal." Resp. at 3 n.3 (emphasis added). This check was "not noted on the I-213" form. *Id.* Petitioner was then "immediately" taken to the sub-field office for processing in Poca, West Virginia. Sur-Reply at 7, ECF No. 31. Respondents allege that a "[f]ull records check" during this processing "confirmed the Petitioner's identity and that he was subject to a prior order of removal." Resp. at 3 n. 3.

Respondents allege that Petitioner's prior order of removal "was *likely* reinstated within hours of the initial encounter, but it was certainly reinstated on the same day." Resp. at 7 n.6 (emphasis added). Respondents allege that "[d]uring processing, the Petitioner's identity was confirmed, and the prior order [of removal] was reinstated. Petitioner was *then* served the I-871 and I-205." Obj. at 3, ECF No. 33 (emphasis added).

Respondents also allege that the I-205 was issued "within hours" of "ICE ERO's initial encounter with Petitioner." Sur-Reply at 6. Respondents initially allege that "[t]here is no indication in this case that there was a deviation from the normal procedure[,]" that being that "generally, the Form I-871 reinstatement order is *generated prior* to the I-205." *Id.* at 6 n.3 (emphasis added). However, Respondents also later allege that the "I-871 and I-205 were *generated simultaneously*[.]" Obj. at 2-3 (emphasis added); *see also* Decl. of James N. Ojeda (November 17, 2026), ECF No. 33-1. Regardless of when the documents were generated, Respondents allege that "the I-871 and I-205 were *issued simultaneously* during processing[.]" Obj. at 3 (emphasis added).

Hence, the record reflects the following order of events: Petitioner was arrested without a warrant, Petitioner's identity and prior order of removal was confirmed, Petitioner's prior order of removal was reinstated, and *then* Petitioner was simultaneously issued an I-205 Warrant of Removal/Deportation and an I-871 Notice of Intent/Decision to Reinstate Prior Order.

In *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021), the Supreme Court summarized "the process for reinstating an order of removal. In short, the agency obtains the alien's prior order of removal, confirms the alien's identity, determines whether the alien's reentry was unauthorized, provides the alien with written notice of its determination, allows the alien to contest that determination, and *then* reinstates the order." *Id.* (citing 8 CFR §§ 241.8(a)–(c), 1241.8(a)–(c)) (emphasis added). Additionally, once the order is reinstated, "[e]xecution of the reinstated order of removal and detention of the alien shall be administered[.]" §§ 241.8(f), 1241.8(f).

In other words, to comply with DHS's regulations, Respondents must determine whether Petitioner is subject to removal under § 241.8(a) *first*, provide Petitioner an I-871 Notice of Intent/Decision to Reinstate Prior Order under § 241.8(b) *second*, reinstate the prior order of removal under § 241.8(c) *third*, and execute an I-205 Warrant of Removal/Deportation under § 241.8(f) *fourth*. *See also Nambo v. Albarran*, No. 26-CV-11838-BLF, 2026 WL 3270015, at *2 (N.D. Cal. Oct. 30, 2026); *De La Rosa Izaguirre v. Blanche*, No. 26-CV-2911 (PKC), 2026 WL 2023200, at *11 n.18 (E.D.N.Y. July 13, 2026); *Cartagena Jaco v. Blanche*, No. 26-CV-04798 (JPO), 2026 WL 1786007, at *2 (S.D.N.Y. June 22, 2026). This sequence ensures that Petitioner has the requisite notice and opportunity to contest Respondents' determination *before* the removal order is reinstated and *before* he is detained.

Here, Respondents admit to reinstating the removal order *prior* to issuing an I-871 Notice of Intent/Decision to Reinstate Prior Order. *See* Obj. at 3 (". . . the prior order was reinstated.

Petitioner was *then* served the I-871 and I-205.") (emphasis added). Respondents also admit to issuing the I-871 and I-205 simultaneously. *See id.* ("the I-871 and I-205 were *issued simultaneously* during processing") (emphasis added).

The Court finds that Respondents failed to provide Petitioner "with written notice of its determination" and failed to allow Petitioner "to contest that determination" *prior* to reinstating the order of removal and *prior* to detaining Petitioner. *See Johnson*, 594 U.S. at 530; *see also* §§ 241.8(b), 1241.8(b). As such, the Court finds that Petitioner's detention was never lawful. *See* §§ 241.8(f), 1241.8(f) ("detention of the alien shall be administered in accordance with this part").

Accordingly, the Amended Petition, ECF No. 25, is **GRANTED**, and Respondents' Motion to Dismiss, ECF No. 26, is **DENIED**. A memorandum opinion will follow.

Respondents are **ORDERED** to **PROMPTLY RELEASE** Petitioner **Jose Santos Cruz Betanco Rivas**, no later than **Wednesday, November 25, 2026, at 5:00 PM** in Huntington, West Virginia, on the sidewalk at the front entrance of the federal courthouse on 5th Avenue. Respondents are **DIRECTED** to provide reasonable notice of at least three (3) hours to Petitioner's counsel of the anticipated time and place of Petitioner's release. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioner's detention, including legal documents. Respondents shall file a notice of compliance with the Court.

Petitioner may instead request to be released at his current place of detention, but he shall do so no later than **Today, November 24, 2026**. Accordingly, Respondents shall facilitate a phone call between Petitioner and his counsel no later than **Today, November 24, 2026, at 5:00 PM**. *See also* Order to Show Cause at 3, ECF No. 5.

The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1231 absent "written notice of its determination" and "an

opportunity to contest that determination" in compliance with 8 CFR §§ 241.8, 1241.8. Respondents are also **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1226(a) absent adequate notice and an adequate opportunity to be heard, consistent with due process. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioner's liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 24, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE